**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCENA D. PENCE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br>UNION FIDELITY MORTGAGE, INC., and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 08cv89 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

On June 30, 2008, Plaintiff filed the Ex Parte Application to Serve the California Secretary of State (Doc. # 11). Plaintiff seeks an order directing that "service of the summons be made on Defendant Union Fidelity Mortgage, Inc., a California corporation, by personal delivery to the California Secretary of State, or to any person employed in the California Secretary of State's office in the capacity of assistant or deputy secretary." *Ex Parte Application,* p. 1-2. In support of the Ex Parte Application, Plaintiff submitted the declaration of Marcus Jackson, Plaintiff's attorney, who attests:

> The designated agent for Union Fidelity Mortgage, Inc. cannot with reasonable diligence be served by hand in the manner provided by California Code of Civil Procedure Sections 215.10, 415.20(a) or 415.30(a). Moreover, service cannot be made on Defendant in the manner provided for in California Code of Civil Procedure Section 416.10(a)-(c) or 416.20(a). The address for Defendant listed on the California Secretary of State w

Morever, further efforts of a skip tracer to locate Defendant have been unsuccessful.

*Jackson Decl.,* ¶¶ 4, 5.

Pursuant to section 1702 of the California Corporations Code,

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 1702.

The Court has considered the Ex Parte Application and concludes that Plaintiff has shown that process cannot be served on Defendant Union Fidelity Mortgage with reasonable diligence.

IT IS HEREBY ORDERED that the Ex Parte Application to Serve the California Secretary of State (Doc. # 11) is **GRANTED,** and that service of process on Union Fidelity Mortgage, Inc., a California corporation, be made by service on the California Secretary of State, or assistant or deputy thereof, pursuant to section 1702 of the California Corporations Code.

DATED: July 25, 2008

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge