UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCENA D. PENCE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>UNION FIDELITY MORTGAGE, INC., et al.<br><br>    Defendants. | Case No. 08-CV-0089-WQH (JMA)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE CLASS DISCOVERY**<br><br>**[Doc. 17]** |

On November 17, 2008, Plaintiff Francena D. Pence ("Plaintiff") filed an ex parte application for leave to take class discovery. Doc. 17. For the reasons set forth below, the ex parte application is **GRANTED IN PART**.

**I.   Background**

Plaintiff filed a class action complaint on January 15, 2008. Doc. 1. The Complaint alleges violations of the Truth in Lending Act based upon Defendant Union Fidelity Mortgage, Inc.'s ("Union Fidelity's") allegedly deceptive and unfair practices in connection with the sale and servicing of its Adjustable Rate

1 | Mortgages ("ARM loans").  The class consists of hundreds, if not
2 | thousands, of consumers, who are now allegedly in danger of
3 | foreclosure.  The class action is primarily based on allegations
4 | that Union Fidelity failed to disclose important material facts
5 | relating to the ARM loans.
6 |     On July 25, 2008, the Honorable William Q. Hayes granted an
7 | ex parte application permitting Plaintiff to serve process on
8 | Union Fidelity via the California Secretary of State, pursuant to
9 | section 1702 of the California Corporations Code.  Doc. 12.
10 | Plaintiff filed a proof of service showing that service was
11 | effected on Jane Castro, a person authorized to accept service of
12 | process by the Secretary of State, on August 25, 2008.  Doc. 16.
13 | Union Fidelity has not filed a responsive pleading as of this
14 | date.
15 |     Plaintiff now seeks an order permitting discovery upon Union
16 | Fidelity's current or former officers, executives, and/or
17 | employees, as well as discovery upon non-party Mortgage
18 | Electronic Registration System, Inc. ("MERS"), regarding the ARM
19 | loans sold by Union Fidelity during the putative class Liability
20 | Period (from January 15, 2004 to the date notice is mailed to the
21 | Class).  Plaintiff contends that such discovery is needed in
22 | order to determine:  (1) the number of ARM loans Union Fidelity
23 | sold to borrowers during the Liability Period; (2) the identity
24 | and location of subsequent purchasers and/or assignees of the ARM
25 | loans sold by Union Fidelity during the Liability Period; and (3)
26 | the location of loan documents and other relevant information
27 | concerning Union Fidelity's loan practices during the Liability
28 | Period.  Pl.'s Appl. at 2.

**II. Discussion**

Generally, discovery may not commence until after the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, unless authorized by court order. See Fed. R. Civ. P. 26(d)(1). Here, the conference required by Rule 26(f) has not yet taken place because Union Fidelity, the sole named defendant, has not appeared in the case.

Plaintiff is informed and believes that Union Fidelity sold or assigned Plaintiff's and the putative class members' loans to other entities or persons who have liability under Plaintiff's individual and class claims. See Pl.'s Appl. at 4 (citing 15 U.S.C. § 1641(d)(1) ("Any person who purchases or is otherwise assigned a mortgage . . . shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage . . . .")). Thus, Plaintiff asserts that discovery related to the identity of each subsequent purchaser or assignee of the ARM loans sold by Union Fidelity during the Liability Period is necessary in order for Plaintiff to join other parties to this action. Plaintiff further asserts that Union Fidelity's current or former officers, executives, and/or employees are likely to have documents or other information concerning the three topics described above. Id.

With regard to the discovery sought from MERS, according to Plaintiff,

> MERS, located at 1818 Library Street, Suite 300, Reston Virginia 20190, is a non-party company "created by the mortgage banking industry to streamline the mortgage process by using electronic commerce to eliminate paper," and its mission is "to register every mortgage loan in the United States on the MERS® System." Bene-

```
           ficiaries of MERS include mortgage originators,
           servicers, warehouse lenders, wholesale lenders, retail
           lenders, document custodians, settlement agents, title
           companies, insurers, investors, county recorders and
           consumers."
```

Id. at 5; Bronson Decl., Ex. 4.  Plaintiff seeks discovery from MERS regarding its relationship with Union Fidelity, the services provided pursuant to any such relationship, the number of loans that Union Fidelity entered into and sold and/or assigned during the Liability Period, the identity of each subsequent purchaser or assignee, and the number of loans that Union Fidelity registered with MERS.  Pl.'s Appl. at 6.

The Court is persuaded that Plaintiff should be permitted to conduct discovery regarding the three topics outlined above. Plaintiff and the putative class will not be able to move forward with this case on a class basis unless they are permitted to ascertain the identities of other persons or entities which may have potential liability for Plaintiff's individual and class claims.  Plaintiff thus requires discovery regarding the identities of subsequent purchasers and/or assignees of loans sold to borrowers by Union Fidelity during the Liability Period.  Moreover, Union Fidelity's failure to appear in this matter should not preclude Plaintiff from obtaining information or documents in Union Fidelity's possession, custody, or control, or information concerning the location of such information or documents, which are relevant to the claims of Plaintiff and the putative class.

The Court, however, is reluctant to grant authorization to Plaintiff and the putative class to conduct all the discovery they currently seek.  The Court prefers that the majority of discovery be conducted after the appearance of other parties in

1 the case, rather than on a unilateral basis by Plaintiff.  In
2 order to ensure fairness to later-appearing parties, therefore,
3 the Court will place some limitations on the discovery sought,
4 while still permitting Plaintiff and the putative class to obtain
5 sufficient information to ascertain the information they require
6 to join other parties and move this case forward.
7      Plaintiff's ex parte application is thus **GRANTED IN PART**.
8 **IT IS HEREBY ORDERED** that Plaintiff and the putative class are
9 authorized to conduct the following discovery:
10     1.   Deposition and records subpoenas to Randolph B. Martin
11 and Stephanie Martin, the owners of Union Fidelity, in connection
12 with the three topics described above; and
13     2.   A subpoena duces tecum and notice of deposition to MERS,
14 as set forth in Exhibit 7 to the Declaration of Steven Bronson in
15 Support of Plaintiff's Ex Parte Application.
16     **IT IS FURTHER ORDERED** that:
17     1.   No interrogatories are permitted at this time;
18     2.   Plaintiff and the putative class may not seek discovery
19 from any current or former officers, directors, and/or employees
20 of Union Fidelity other than Randolph B. Martin and Stephanie
21 Martin; and
22     3.   Any disputes regarding the scope of the subpoenas issued
23 by Plaintiff shall be resolved by the court out of which the
24 subject subpoena is issued.  Fed. R. Civ. P. 45.
25 DATED:  December 2, 2008

                                    _____
                                    Jan M. Adler
                                    U.S. Magistrate Judge